UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TANISHA MCBRIDE

    Plaintiff,

V.                                 CIVIL ACTION NUMBER

                                         12 CV 809 (VLB)

MACKEYBOY AUTO, LLC

    Defendant.

COMPLAINT

FIRST COUNT:

1. This is an action for damages for violations of The Truth in Lending Act, 15 U.S.C. §1601 et seq., and for violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law) 49 U.S.C. § 32801 et seq. and for actual, minimum and for violation of the Connecticut Unfair Trade Practices Act § 42-110a Conn. Gen. Stat., et seq.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 (e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of Connecticut.

4. Defendant Mackeyboy Auto, LLC. hereinafter referred to as ("Mackeyboy") Is authorized to do business in the State of Connecticut and has a place of business at 254 Kinberly Avenue, New Haven, Connecticut 06516.

5. At all times herein defendant Mackeyboy in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. Defendant is a creditor within the meaning of C.G.S. § 36a-676, et seq and 15 U.S.C. § 1601, et seq. and regulations promulgated thereunder.

7. On or about February 28, 2012, Plaintiff entered into a consumer credit transaction with Defendant Mackeyboy to buy a car for personal, family or household use to purchase a 2001 Mercury Van ("The Vehicle") and made a down payment of $1,601.00.

8. As shown on The Contract, defendant charged plaintiff $1,500 as a *finance charge* .See Exhibit 1.

9. Mackeyboy failed to provide accurate closed-end disclosures as required by 15 U.S.C. § 1601 et seq., C.G.S. § 36a -676 et seq and the regulations thereunder at or prior to consummation of the transaction.

10. The disclosures (Invoice-financing) ("The Contract") were inaccurate in that the defendant failed to provide the closed end disclosures as set forth in 15 U.S.C. § 1601 et seq.

11. Mackeyboy failed to segregate the disclosures in The Contract with the federal boxes as required by Reg. Z § 226.18.

12. Mackeyboy failed to disclose the number of payments to be made as required by 15 U.S.C. § 1638(a)(6).

13. Mackeyboy failed to disclose in The Contract the timing of the payment scheduled to repay the obligation, 15 U.S.C. § 1638(a)(6).

14. Mackeyboy failed to disclose the Annual Percentage Rate ("APR") more

conspicuous than any other disclosure, 15 U.S.C. §1632 (a).

15. Based on information and belief Mackeyboy did not disclosed the correct finance charge because it failed to disclose the number of payments due and the timing of those payments.

16. Mackeyboy has failed to deliver The Vehicle to plaintiff or to return plaintiff's down payment of $1,601.

17. Mackeyboy, orally, informed plaintiff that the weekly payments would be Seventy Five ($75.00) Dollars per week and failed to provide that information in The Contact.

18. Mackeyboy has been unable or unwilling to delivery to plaintiff the 2001 Mercury Van despite repeated requests.

19. Plaintiff has suffered and will suffer monetary loss and inconvenience as a result of Mackeyboy's actions.

SECOND COUNT:

19. The allegations of paragraph no. 1 through 19 of the First Count are repeated as if fully set forth herein.

20. Mackeyboy violated the Odometer Act in that it failed to issue an odometer statement to plaintiff or (B) failed provided an inaccurate odometer statement to plaintiff or (C) that the odometer reading differs from the provided odometer statement.

21. Mackeyboy failed to deliver the title documents at time of sale.

22. Mackeyboy failed to disclose the odometer reading on the proper title documents in violation of 49 C.F.R. § 580.5.

23. Mackeyboy has so acted with intent to defraud plaintiff.

24. Plaintiff has suffered damages.

COUNT THREE:

25. The allegations of paragraph 1-19 of the First Count are repeated as if fully set forth herein.

26. Mackeyboy has violated the Connecticut Unfair Trade Practices Act ("CUTPA"), C.G.S.A. § 42-110b via the "cigarette rule" (1) whether the practice, without the necessarily having been previously considered unlawful, offends public policy as it has been established b y statures, the common law or otherwise-whether or the established concept of unfairness (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it caused substantial injury to consumers.

27. Plaintiff executed The Contract with Mackeyboy to purchase The Vehicle and gave them $1,601 and relied on the fact that Mackey would deliver The Vehicle to her. Despite her request for the return of the deposit Mackeyboy has refused or is unwilling and as a result of its actions plaintiff has sustained a loss of money.

28. Mackeyboy committed fraud when it intentionally breached The Contract, by refusing to perform the terms of The Contract and forcing plaintiff to litigation.

29. Mackeyboy entered into The Contract with the intention of not performing The Contract and keeping plaintiff's $1,601.00 down payment. Plaintiff has sustained a

loss of money.

30. Mackeyboy violated CUTPA by its failure to provide an available certificate of title with an odometer reading causing plaintiff to sustained a loss of money.

31. Mackeyboy's failure to deliver The Vehicle after plaintiff made a down payment of $1,601 and executed The Contract, leaving plaintiff without a motor vehicle, causing plaintiff to borrow money from her mother to rent a vehicle for transportation to work and care of her children. Plaintiff incurred the debt when she rented a motor vehicle from Rent A Wreck, 925 Foxon Road, East Haven and Cheap Auto Rental Company, 110 Dixwell Avenue, Hamden, Connecticut at a cost of hundreds of dollars.

32. Plaintiff has suffered economic damages and money damages.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff's statutory damages, actual damages, costs and a reasonable attorney fee on Count I.

2. Award Plaintiff statutory damages, actual damages, cost and a reasonable attorney fee on Count II.

3. Award Plaintiff actual damages, punitive damages and attorney's fees for violation of the Connecticut Unfair Trade Practices Act on Count II.

4. Award such other or further relief, as the Court deems just or equitable including the return of her down payment.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy
1204 Main Street, Ste 176
Branford, CT 06405
Tel. (203) 481-4040
Fax (443) 440-6372
Fed Bar # CT 00680
bernardtkennedy@yahoo.com

# INVOICE

**MACKEYBOY AUTO, LLC**
203-907-0433
254 KIMBERLY AVE.
NEW HAVEN, CT 06519

SOLD TO: Tanisha McBride
ADDRESS: 19 Bassett St
N.H, CT 06511

SALESPERSON: Ron
DATE: 2/28/12

☐ NEW  ☒ USED  ☐ DEMONSTRATOR

| YEAR & MAKE | MODEL | CYL | BODY TYPE | COLOR | TRIM |
|---|---|---|---|---|---|
| 2001 Mercury | Village | | Van | Green | |

STOCK NO. | V.I.N. NUMBER: 4M2ZV14T01DJ08075 | TITLE NO. | KEY NO. 23

**TRADE-IN**

| Title No. | YEAR | MAKE | MODEL | TYPE | COLOR | Reg. No. | ENGINE |
|---|---|---|---|---|---|---|---|

IDENT. NO.          MILEAGE
ALLOW: $    BAL OWED $    NET ALLOW: $
BALANCED OWED TO

☐ NO INSURANCE IS INCLUDED IN THIS ORDER
☐ Enter My Order For Insurance as follows:
☐ Accident and Health $   ☐ Life $   ☐ Vendors Single Interest Fee $
My insurance agent:
My company is
DRIVER'S LICENSE NO.

☐ THIS MOTOR VEHICLE IS GUARANTEED FOR ∅ DAYS OR ∅ MILES WHICHEVER COMES FIRST. The dealership will pay 100% of the labor and 100% of the parts for the covered systems repair which renders the vehicle mechanically operational and sound during the warranty period. ALL WORK MUST BE DONE AT THE DEALERSHIP. NO OUTSIDE INVOICE WILL BE HONORED BY THE DEALERSHIP. SIGNATURE _____

☒ **"AS IS" THIS VEHICLE IS SOLD "AS IS." THIS MEANS THAT YOU WILL LOSE YOUR IMPLIED WARRANTIES. YOU WILL HAVE TO PAY FOR ANY REPAIRS NEEDED AFTER SALE. IF WE HAVE MADE ANY PROMISES TO YOU, THE LAW SAYS WE MUST KEEP THEM, EVEN IF WE SELL "AS IS." TO PROTECT YOURSELF, ASK US: 1. TO PUT ALL POMISES INTO WRITING, AND 2. IF WE OFFER A WARRANTY ON THIS VEHICLE.**
SIGNATURE _____

THIS MOTOR VEHICLE BEING PURCHASED IS A PREVIOUS
☐ RENTAL ☐ LEASE VEHICLE ☐ TAXI ☐ POLICE ☐ TRADE-IN
☐ AUCTION ☐ BUY ☐ OTHER   (INITIAL)

The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale. Buyer's Guide Disclosure

| | |
|---|---|
| MILEAGE AT TIME OF SALE: | 152868 |
| CASH PRICE OF VEHICLE | 3995 |
| OPTIONAL EQUIP. & ACCESS: | |
| DEALER PROCESSING FEE (THE PROCESSING FEE IS NOT PAYABLE TO THE STATE OF CONNECTICUT) | 350.00 |
| REGISTRATION, TITLE & FEES | |
| SALES TAX | 251.68 |
| TOTAL CASH PRICE DELIVERED | 4598.68 |
| FINANCE CHARGE BH PH | 1500.00 |
| INSURANCE | |
| TOTAL TIME PRICE | 6098.68 |
| SETTLEMENT DEPOSIT (NO REFUND OF DEPOSIT) CASH ON DELIVERY | MACKEYBOY AUTO ALL SALES FINAL NO REFUND ON DEPOSIT |
| NET TRADE ALLOWANCE | AS IS |
| LIEN HOLDER | 1601.68 ☒ |
| PAYMENTS | $32 |
|       AT $ | |
|       AT $ | |
| TOTAL | 4497 |
| ANNUAL PERCENTAGE RATE A.P.R. | % |

ALWAYS SHOW VEHICLE IDENTIFICATION NUMBER AND KEY NUMBER

AUTO AD SALES F-99® REV.11/08          AUTO AD SALES, INC. — TEL. (203) 879-1241



PLAINTIFF'S EXHIBIT 1